```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
KRYSTINA PFEIFER,                                          Docket No.

                    Plaintiff,

       -against-                                           COMPLAINT

ARCHETYPE, LLC., ARCHETYPE DESIGN STUDIO LLC,              Plaintiff Demands A
 and ALAN BERMAN, individually,                            Trial by Jury

                    Defendants.
-------------------------------------------------------------------------------X
```

Plaintiff, KRYSTINA PFEIFER, as and for her Complaint against Defendants, respectfully alleges upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), The New York State Executive Law, and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), *et. seq.* ("NYCHRL")*,* and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of gender (pregnancy), and retaliated against by her employer for complaining of harassment and discrimination.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the court as this action involves a Federal Question under Title VII of the Civil Rights Act. The Court also has supplemental jurisdiction over the State and City Causes of Action.

3. Venue is proper in this district based upon Defendants' residency and principal place of business within the County of New York, State of New York, within the Southern District of New York. Additionally, the events took place in New York, NY within the Southern District of New York.

4. On or about September 30, 2016, Plaintiff filed charges with the EEOC against Defendants as set forth herein.

5. On or about August 30, 2017, the EEOC Issued Plaintiff a Right to Sue Letter.

6. This action is being commenced within 90 days of receipt of the EEOC Right to Sue Letter.

## PARTIES

7. That at all times relevant hereto, the Plaintiff Krystina Pfeifer was a woman, residing in New York County in the State of New York.

8. That at all times herein mentioned, Defendant ARCHETYPE, LLC was and still is a domestic limited liability company organized and existing by virtue of the laws of the State of New York.

9. That at all times herein mentioned, Defendant ARCHETYPE DESIGN STUDIO LLC was and still is a domestic limited liability company organized and existing by virtue of the laws of the State of New York.

10. At all times material, Defendant ARCHETYPE, LLC, LLC and Defendant ARCHETYPE DESIGN STUDIO LLC (hereinafter collectively referred to as "ARCHETYPE DESIGN") jointly own and operate a business located at 224 West 79th Street, 2nd Floor, New York, NY 10024 (hereinafter the "Studio Location").

11. At all times relevant, Defendants ARCHETYPE DESIGN were joint and single employers of Plaintiff.

12. According to their website, at all times material, Defendant ARCHETYPE DESIGN "is a full service Architectural and Interior Design firm."

13. That at all times material, Defendant Alan Berman had an ownership interest in the business Defendant ARCHETYPE DESIGN and was employed by Defendant ARCHETYPE DESIGN as a Principal Designer.

14. That at all times material, Defendant Berman had supervisory authority over the Plaintiff.

15. That at all times material, the Plaintiff was an employee of Defendants working at the above Studio Location.

16. That at all times material, Plaintiff was a Senior Interior Designer at the Studio Location.

## MATERIAL FACTS

17. On or around March 9, 2015, Plaintiff began her employer with Defendant ARCHETYPE DESIGN.

18. Throughout Plaintiff's employment with Defendants, Plaintiff was subjected to numerous acts of sex/gender discrimination, retaliation and hostile work environment.

19. By means of example only and not meant to be an exhaustive list, following the weekends, Defendant Berman would question his employees as to whether or not they "got laid"; Provide details about the gentlemen Defendant Berman had slept with during the weekend prior; Show pictures to employees of naked men on his phone; Show pictures to employees of "blue waffles" [a fictional sexually transmitted disease which causes severe infection and blue discoloration of the vagina]; Ask employee personal and invasive questions regarding their sex life, number of sexual partners, etc.

20. On or around March 10, 2016, Plaintiff became aware that she was approximately 3 weeks pregnant.

21. In or around March 2016, Plaintiff was discussing business matter with Defendant Berman in his office when he began to question Plaintiff, stating, "You're pregnant, aren't you?" Although she was caught off guard by the outburst, Plaintiff responded, "Well it's really early but yes, I am pregnant with twins." Defendant Berman congratulated Plaintiff, stating he was sorry he could not be more enthusiastic, he was sick and not feeling well.

22. Throughout the spring and early summer of 2016, Plaintiff was subjected to numerous acts of pregnancy discrimination, retaliation and hostile work environment.

23. My means of example only, in the spring of 2016, Defendant Berman approached Plaintiff as she worked at her desk and, in front of multiple employees, asked, "what if your milk is all dried up and you cannot feed your children?" Plaintiff was mortified by the offensive and unprovoked line of questioning.

24. Defendant Berman would ask Plaintiff about her risk status, stating that because she was high risk he must notify his insurance company. At no time did Plaintiff receive insurance from Defendants.

25. Plaintiff regularly asked Defendant Berman to not use his electric cigarette vaporizer around her, stating that it was not good for the health of her baby. At all times, Defendant Berman ignored Plaintiff's requests and disregarded the safety and health of her baby.

26. Defendant Berman made regular comments regarding Plaintiff's weight, pointing out that she was beginning to show and stating, in front of multiple employees, that Plaintiff was wearing "fat person clothing" and "walking funny." Defendant asked Plaintiff "What would you do if your kids came out fat and obese?"

27. At all times material, Plaintiff made it clear that Defendant Berman's comments and conduct were both unwelcome and offensive.

28. On or around June 3, 2016, Defendant Berman asked Plaintiff if she intended to take more than a three-month maternity leave. Plaintiff stated that she needed to speak with her doctor before making a decision and asked to continue this conversation later in June. Defendant Berman agreed.

29. On or around June 28, 2016, Plaintiff emailed Defendant Berman to informed him she needed to take a sick day and would be working from home.

30. On or around June 29, 2016, Plaintiff again emailed Defendant Berman to inform him the she needed to take a sick day and would be working from home.

31. On or around June 30, 2016, despite pain related to an amniocentesis Plaintiff had the day prior, Plaintiff reported to work.

32. At or around June 30, 2016, Defendants' employee Robin who was brought in to fill Plaintiff's spot when she was on maternity leave, told Plaintiff Defendant Berman wanted to meet with her.

33. On or about June 30, 2016, Defendants wrongfully terminated Plaintiff.

34. Defendants wrongfully terminated Plaintiff because of her gender/sex and pregnancy and because of her opposition to the unlawful practice of Defendants.

35. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

36. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future

pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

37. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all the Defendants, jointly and severally.

38. The above are just some examples, of some of the discrimination to which Defendants subjected Plaintiff.

39. Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

### AS A FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendant)

40. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

41. Title VII states in relevant parts as follows: SEC. 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

42. Furthermore, section 701 of the Civil Rights Act of 1964 as amended states that '"because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all

employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work."

43. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e *et seq.*, by discriminating against Plaintiff because of her sex and pregnancy.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendant)

44. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

45. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. $2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to … discriminate against any of his employees … because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

46. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. $2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendant.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

48. Executive Law § 296 provides that   "1. It shall be an unlawful discriminatory practice:   "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or

employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

49. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of sex and pregnancy.

50. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

52. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

53. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

54. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

55. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

56. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

57. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

58. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

59. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of Plaintiff's gender and pregnancy.

60. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

## AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

61. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

62. The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

63. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS AN EIGHTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

64. Plaintiffs repeats and realleges each and every allegation made in the above paragraphs of this complaint.

65. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice:
"For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

66. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS A NINTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

67. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

68. Section 8-107(19), entitled Interference with protected rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

69. Defendants violated the above section as set forth herein.

## AS A TENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

71. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate

corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

72. Defendants violated the above section as set forth herein.

### AS A ELEVENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

73. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

74. Defendants engaged in extreme and outrageous conduct.

75. Defendants intended to cause, or disregarded a substantial probability of causing, severe emotional distress to Plaintiff.

76. There exists a causal connection between the above conduct and said injury.

77. As a result of said conduct Plaintiff suffered and suffers from severe emotional distress. and compelling and coercing the above discriminatory conduct and unlawful termination of Plaintiff by Defendants.

### JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, liquidated

damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Philadelphia, Pennsylvania
       November 13, 2017

                                      DEREK SMITH LAW GROUP, PLLC
                                      Attorneys for Plaintiffs

                                      By: _____
                                           Caroline H. Miller, Esq.
                                           1845 Walnut Street, Suite 1601
                                           Philadelphia, Pennsylvania 19103
                                           (215) 391-4790