UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRYSTINA PFEIFER,

                              Plaintiff,

-against-

ARCHETYPE, LLC, ARCHETYPE DESIGN STUDIO LLC, and ALAN BERMAN, *individually*,

                             Defendants.

Civ. No.: 17-CV-08799
(VEC) (KNF)

**DEFENDANTS' ANSWER WITH AFFIRMATIVE AND OTHER DEFENSES**

Defendants Archetype, LLC., Archetype Design Studio LLC, and Alan Berman (hereinafter "Defendants"), by and through their undersigned attorneys, Jackson Lewis P.C., hereby respond to the allegations set forth in the Complaint filed by Krystina Pfeifer ("Plaintiff") and state as follows:

**AS AND FOR AN ANSWER TO "NATURE OF THE CASE"**

1. Defendants admit that Plaintiff purports to bring claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), et seq. ("NYCHRL"), and purports to seek damages to redress injuries Plaintiff alleges that she has suffered but, except as so admitted, deny the remaining allegations set forth in Paragraph "1" of Plaintiff's Complaint, and specifically deny that Plaintiff was subjected to any such discrimination, harassment or retaliation and deny that Plaintiff is entitled to any of the relief she seeks.

## AS AND FOR AN ANSWER TO "JURISDICTION AND VENUE"

2. The allegations set forth in Paragraph "2" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "2" of Plaintiff's Complaint.

3. The allegations set forth in Paragraph "3" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "3" of Plaintiff's Complaint.

4. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "4" of Plaintiff's Complaint and respectfully refer the Court to the purported Charges for the contents therein.

5. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "5" of Plaintiff's Complaint and respectfully refer the Court to the purported Right to Sue Letter for the contents therein.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "6" of Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO "PARTIES"

7. Defendants admit, upon information and belief, that Plaintiff is a woman, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's current residency but, except as so denied and admitted, deny the remaining allegations set forth in Paragraph "7" of Plaintiff's Complaint.

8. Defendants admit the allegations set forth in Paragraph "8" of Plaintiff's Complaint.

9. Defendants admit the allegations set forth in Paragraph "9" of Plaintiff's

Complaint.

10. Defendants deny the allegations set forth in Paragraph "10" of Plaintiff's Complaint.

11. Defendants deny the allegations set forth in Paragraph "11" of Plaintiff's Complaint.

12. Defendants deny the allegations set forth in Paragraph "12" of Plaintiff's Complaint.

13. Defendants admit that Alan Berman has an ownership interest in Archetype, LLC but, except as so admitted, deny the remaining allegations set forth in Paragraph "13" of Plaintiff's Complaint.

14. Defendants deny the allegations set forth in Paragraph "14" of Plaintiff's Complaint.

15. Defendants admit that Plaintiff was employed by Archetype, LLC but, except as so admitted, deny the remaining allegations set forth in Paragraph "15" of Plaintiff's Complaint.

16. Defendants admit that Plaintiff worked as a Senior Interior Designer but, except as so admitted, deny the remaining allegations set forth in Paragraph "16" of Plaintiff's Complaint.

**AS AND FOR AN ANSWER TO "MATERIAL FACTS"**

17. Defendants admit that Plaintiff commenced employment with Archetype, LLC in or around March 9, 2015 but, except as so admitted, deny the remaining allegations set forth in Paragraph "17" of Plaintiff's Complaint.

18. Defendants deny the allegations set forth in Paragraph "18" of Plaintiff's

Complaint.

19. Defendants deny the allegations set forth in Paragraph "19" of Plaintiff's Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "20" of Plaintiff's Complaint.

21. Defendants deny the allegations set forth in Paragraph "21" of Plaintiff's Complaint.

22. Defendants deny the allegations set forth in Paragraph "22" of Plaintiff's Complaint.

23. Defendants deny the allegations set forth in Paragraph "23" of Plaintiff's Complaint.

24. Defendants deny the allegations set forth in Paragraph "24" of Plaintiff's Complaint.

25. Defendants deny the allegations set forth in Paragraph "25" of Plaintiff's Complaint.

26. Defendants deny the allegations set forth in Paragraph "26" of Plaintiff's Complaint.

27. Defendants deny the allegations set forth in Paragraph "27" of Plaintiff's Complaint.

28. Defendants deny the allegations set forth in Paragraph "28" of Plaintiff's Complaint.

29. Defendants deny the allegations set forth in Paragraph "29" of Plaintiff's Complaint.

30. Defendants deny the allegations set forth in Paragraph "30" of Plaintiff's Complaint.

31. Defendants deny the allegations set forth in Paragraph "31" of Plaintiff's Complaint.

32. Defendants deny the allegations set forth in Paragraph "32" of Plaintiff's Complaint.

33. Defendants deny the allegations set forth in Paragraph "33" of Plaintiff's Complaint.

34. Defendants deny the allegations set forth in Paragraph "34" of Plaintiff's Complaint.

35. Defendants deny the allegations set forth in Paragraph "35" of Plaintiff's Complaint.

36. Defendants deny the allegations set forth in Paragraph "36" of Plaintiff's Complaint.

37. Defendants deny the allegations set forth in Paragraph "37" of Plaintiff's Complaint.

38. Defendants deny the allegations set forth in Paragraph "38" of Plaintiff's Complaint.

39. Defendants deny the allegations set forth in Paragraph "39" of Plaintiff's Complaint.

**AS AND FOR AN ANSWER TO "FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII (Not Against Individual Defendant)"**

40. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs "1" through "39" of Plaintiff's Complaint, as if fully set forth herein.

41. The allegations set forth in Paragraph "41" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "41" of Plaintiff's Complaint.

42. The allegations set forth in Paragraph "42" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "42" of Plaintiff's Complaint.

43. Defendants deny the allegations set forth in Paragraph "43" of Plaintiff's Complaint.

**AS AND FOR AN ANSWER TO "SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII (Not Against Individual Defendant)"**

44. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs "1" through "43" of Plaintiff's Complaint, as if fully set forth herein.

45. The allegations set forth in Paragraph "45" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "45" of Plaintiff's Complaint.

46. Defendants deny the allegations set forth in Paragraph "46" of Plaintiff's Complaint.

**AS AND FOR AN ANSWER TO "THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER STATE LAW"**

47. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs "1" through "46" of Plaintiff's Complaint, as if fully set forth herein.

48. The allegations set forth in Paragraph "48" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "48" of Plaintiff's Complaint.

49. Defendants deny the allegations set forth in Paragraph "49" of Plaintiff's Complaint.

50. Defendants admit that Plaintiff purports to bring claims under all of the applicable paragraphs of the NYSHRL, Executive law § 296 but, except as so admitted, deny the remaining allegations set forth in Paragraph "50" of Plaintiff's Complaint.

### AS AND FOR AN ANSWER TO "FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER STATE LAW"

51. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs "1" through "50" of Plaintiff's Complaint, as if fully set forth herein.

52. The allegations set forth in Paragraph "52" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "52" of Plaintiff's Complaint.

53. Defendants deny the allegations set forth in Paragraph "53" of Plaintiff's Complaint.

### AS AND FOR AN ANSWER TO "FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER STATE LAW"

54. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs "1" through "53" of Plaintiff's Complaint, as if fully set forth herein.

55. The allegations set forth in Paragraph "55" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "55" of Plaintiff's Complaint.

56. Defendants deny the allegations set forth in Paragraph "56" of Plaintiff's Complaint.

### AS AND FOR AN ANSWER TO "SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK CITY ADMINISTRATIVE CODE"

57. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs "1" through "56" of Plaintiff's Complaint, as if fully set forth herein.

58. The allegations set forth in Paragraph "58" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "58" of Plaintiff's Complaint.

59. Defendants deny the allegations set forth in Paragraph "59" of Plaintiff's Complaint.

60. Defendants admit that Plaintiff purports to bring claims under all of the applicable paragraphs of New York City Administrative Code Title 8 but, except as so admitted, deny the remaining allegations set forth in Paragraph "60" of Plaintiff's Complaint.

### AS AND FOR AN ANSWER TO "SEVENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK CITY ADMINISTRATIVE CODE"

61. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs "1" through "60" of Plaintiff's Complaint, as if fully set forth herein.

62. The allegations set forth in Paragraph "62" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "62" of Plaintiff's Complaint.

63. Defendants deny the allegations set forth in Paragraph "63" of Plaintiff's Complaint.

### AS AND FOR AN ANSWER TO "EIGHTH CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK CITY ADMINISTRATIVE CODE"

64. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs "1" through "63" of Plaintiff's Complaint, as if fully set forth herein.

65. The allegations set forth in Paragraph "65" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "65" of Plaintiff's Complaint.

66. Defendants deny the allegations set forth in Paragraph "66" of Plaintiff's Complaint.

### AS AND FOR AN ANSWER TO "NINTH CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK CITY ADMINISTRATIVE CODE"

67. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs "1" through "66" of Plaintiff's Complaint, as if fully set forth herein.

68. The allegations set forth in Paragraph "68" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "68" of Plaintiff's Complaint.

69. Defendants deny the allegations set forth in Paragraph "69" of Plaintiff's Complaint.

### AS AND FOR AN ANSWER TO "TENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK CITY ADMINISTRATIVE CODE"

70. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs "1" through "69" of Plaintiff's Complaint, as if fully set forth herein.

71. The allegations set forth in Paragraph "71" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "71" of Plaintiff's Complaint.

72. Defendants deny the allegations set forth in Paragraph "72" of Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO "ELEVENTH CAUSE OF ACTION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS"

73. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs "1" through "72" of Plaintiff's Complaint, as if fully set forth herein.

74. Defendants deny the allegations set forth in Paragraph "74" of Plaintiff's Complaint.

75. Defendants deny the allegations set forth in Paragraph "75" of Plaintiff's Complaint.

76. Defendants deny the allegations set forth in Paragraph "76" of Plaintiff's Complaint.

77. Defendants deny the allegations set forth in Paragraph "77" of Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO "JURY DEMAND"

Defendants admit that Plaintiff request a jury trial on all issues to be tried but, except as so admitted, deny that Plaintiff is entitled to a trial by a jury.

## AS AND FOR AN ANSWER TO PLAINTIFF'S "PRAYER FOR RELIEF"

Defendants deny all allegations set forth in Plaintiff's Prayer for Relief against the Defendants and any claim for relief set forth in the "WHEREFORE" clause to Plaintiff's Complaint, and specifically deny that Plaintiff is entitled to any of the relief she seeks.

## GENERAL DENIAL

Defendants deny all claims and allegations not unequivocally admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants, Defendants assert the following defenses:

**FIRST DEFENSE**

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**THIRD DEFENSE**

Any and all actions taken by Defendants with regard to Plaintiff were based on legitimate, non-discriminatory and non-retaliatory business reasons, and would have been taken regardless of Plaintiff's gender and/or alleged protected activity.

**FOURTH DEFENSE**

Plaintiff's claims for discrimination and retaliation are barred and/or any recovery of damages is precluded, in whole or in part, because Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory or retaliatory behavior.

**FIFTH DEFENSE**

Plaintiff's claims for discrimination and retaliation are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of Defendants' preventive and/or corrective opportunities or to otherwise avoid harm.

**SIXTH DEFENSE**

Plaintiff's claims for damages are barred, in whole or in part, because she failed to use reasonable diligence to mitigate and/or minimize her alleged damages.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, the after-acquired evidence doctrine, and/or other equitable defenses.

**EIGHTH DEFENSE**

Defendants' conduct, even if it occurred, was not severe or pervasive and amounted to no more than what a reasonable person would consider petty slights and trivial inconveniences.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because she did not suffer damages attributable to any allegedly wrongful conduct by Defendants and/or because any damages or injuries were caused by Plaintiff's own conduct or the conduct of third parties.

**TENTH DEFENSE**

Plaintiff is not entitled to recover any punitive damages against Defendants because, *inter alia*, Defendants acted in good faith and did not commit, ratify, authorize, or acquiesce in any malicious, willful, or reckless acts or omissions.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because she failed to meet the necessary conditions precedent and/or administrative prerequisites to initiating this lawsuit.

**TWELFTH DEFENSE**

Plaintiff's claims are barred because they were previously released as a part of a Confidential Settlement Agreement.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred against Archetype Design Studio LLC since it is not a

covered under employer applicable statutes and did not employ Plaintiff.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred against Archetype LLC since it is not a covered employer under applicable federal statutes.

## FIFTEENTH DEFENSE

To the extent Plaintiff seeks to hold Alan Berman liable under Title VII of the Civil Rights Law of 1964, these claims are subject to dismissal because there is no individual liability under applicable federal law.

## SIXTEENTH DEFENSE

To the extent Plaintiff seeks to hold Alan Berman liable under the New York State Human Rights Law and/or the New York City Human Rights Law, these claims are subject to dismissal because Alan Berman is not a covered employer under applicable law, and cannot be liable for aiding and/or abetting in his own alleged conduct.

## SEVENTEENTH DEFENSE

Defendants reserve the right to amend their answer to raise additional affirmative or other defenses or to pursue any available counterclaim against Plaintiff as those claims or defenses become known during the litigation.

**WHEREFORE**, Defendants respectfully request that this Court:

a) Dismiss Plaintiff's Complaint in their entirety, with prejudice;

b) Deny each and every demand, claim, and prayer for relief contained therein;

c) Award Defendants reasonable attorneys' fees and costs incurred in defending against this meritless action; and

d)      Grant such other and further relief to Defendants as the Court deems just and proper.

Dated: New York, New York
       January 22, 2018

                                        Respectfully submitted,

                                        JACKSON LEWIS P.C.
                                        666 Third Avenue
                                        New York, New York 10017
                                        (212) 545-4000
                                        MellkW@jacksonlewis.com
                                        Tania.Mistretta@jackonlewis.com

                                                    /S/
                                By:     _____
                                        Wendy J. Mellk (WM-1515)
                                        Tania J. Mistretta (TM-1230)

                                        *Attorneys for Defendant*
                                         *Archetype LLC, Archetype Design Studio LLC*
                                          *and Alan Berman*

4829-4719-4202, v. 1

- 14 -